UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| ANDREW POLT, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00055 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| ALASKA HOUSING FINANCE, CORP., | ) | [RE: Motion at docket 16] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 16, plaintiff Andrew Polt ("Polt"), who is representing himself, moved to amend his complaint to add two additional claims.  Defendant Alaska Housing Finance Corporation ("defendant") opposed at docket 29, and Polt replied at docket 38.  Oral argument has not been requested, but it would not assist the court.

## II.  BACKGROUND

Polt is a disabled person who rents a handicap accessible apartment from defendant at Chugach Manor.  Polt is participating in a public housing program, and he has been able to live at Chugach Manor independently.  This court concluded that, liberally construed, Polt's amended complaint sets out claims against defendant based on violation of the Americans with Disabilities Act ("ADA" or the Fair Housing Act ("FHA").  The activity which underlies Polt's claims against defendant is what Polt considers to be an excessive level of nosie made by other occupants of Chugach Manor.

### III.  DISCUSSION

The motion at docket 16 asks to add two claims.  Polt wants to pursue a claim of false imprisonment in his apartment.  He also wants to pursue a claim of cruel and unusual punishment by virtue of the noise level.  An examination of Polt's proposed new claims shows that they arise from the same facts–the allegedly excessive noise from other occupants–as Polt's ADA and FHA claims.

### A.  False Imprisonment Claim

A claim of false imprisonment arises under state law.  This court has federal question jurisdiction over Polt's ADA and FHA claims. It may exercise supplemental jurisdiction over the proposed state law claim for false imprisonment pursuant to 28 U.S.C. § 1367, because the false imprisonment claim arises from the same facts as the federal claims.

The applicable state law is the law of Alaska.  Under Alaska law a claim for false imprisonment requires proof of two elements (1) restraint of plaintiff's freedom and (2)\ an absence of proper legal authority for the restraint.[1]  The gravamen of Polt's complaint is not a restraint on his freedom, it is exposure to what he considers to be an excessive level of noise.  Polt remains free to move about, even to seek another place to live.  In short, Polt has not plead, and cannot on the facts presented plead, the first element of a claim for false arrest.  Moreover,  Polt's existing claims provide an appropriate vehicle for consideration of the noise level issue.

### B.  Cruel and Unusual Punishment

The court interprets Polt's claim of exposure to cruel and unusual punishment to be a claim that defendant has violated the Eight Amendment prohibition on cruel and unusual punishment.  Cases involving such claims inevitably arise in connection with governmental action against persons who are incarcerated.  Polt is not incarcerated.  It follows that he cannot plead a claim based on the Eighth Amendment prohibition on cruel and unusual punishment.  Defendant is not Polt's jailer and is not engaged in punishing persons convicted of crimes.  It may be added that Polt's existing claims

---

[1]*E.g., Waskey v. Municipality of Anchorge*, 909 P.2d 342, 345 (Alaska 1996).

provide an adequate basis for examining the merits of his claim that an excessive level of noise is depriving him of legally protected rights.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 16 is **DENIED**.

DATED this 12th day of September 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE